BALLARD ET AL., APPELLANTS, *v.* BOARD OF EDUCATION OF THE GOSHEN LOCAL SCHOOL DISTRICT, APPELLEE.

(No. CA83-08-069—Decided January 17, 1984.)

*Biegel, Kirkland & Berger Co., L.P.A., Mr. James R. Kirkland* and *Ms. Elaine M. Stoermer,* for appellants.

*Ennis, Roberts & Fischer Co., L.P.A.,* and *Mr. George E. Roberts III,* for appellee.

*Per Curiam.* This cause came on to be heard upon an appeal from the Court of Common Pleas of Clermont County.

Appellants are employed as teachers by the Board of Education of the Goshen Local School District (hereinafter "board") and they are also members of

the Goshen Education Association (hereinafter "association") which is their bargaining agent. As a result of negotiations, the association and the board have entered into an agreement as to salaries and fringe benefits, but the agreement does not require that supplemental contracts be issued for such extracurricular duties as head class sponsor, class sponsor, assistant class sponsor, or student council co-advisor. Nevertheless, the board has awarded supplemental contracts for such additional duties as coaching, guidance, and certain other types of extracurricular supervisory duties.

Section 532.31 of the policy of the board provides in part that:

"a. Teachers Shall:

"(1) Discharge the duties assigned to them and cooperate with the Superintendent and principal in the enforcement of general rules and regulations of the Board of Education.

"* * *

"(4) Be subject to homeroom assignments and when so assigned, they shall handle all of the details of records, attendance, social activities, and other matters assumed by the homeroom. *Teachers are also expected to share the supervisory nonclassroom or extracurricular activities.*" (Emphasis added.)

Other applicable sections of the board policy are as follows:

"532.33 Extracurricular

"Teachers are to consider faculty leadership of student activities (so-called extracurricular) a regular part of their teaching duties and responsibilities will be, insofar as possible, consistent with the teacher's abilities and interest. It is expected that teachers will be interested in the broad program of the school as well as the classroom phases."

"532.34 Committee and Staff

"Teachers shall be available for conferences, workshops, staff meetings and other professional work unless excused by the principal or superintendent. In addi-

tion, from time to time, teachers will be required to be present for evening assignments." (Emphasis added.)

"532.37 Legal

"Instructional personnel shall conform to all rules and regulations that may be prescribed by the State Board and by the District Board and fulfill terms of any written contract with the school board * * *."

"533.21 Teaching Load

"Assignment of personnel to schools shall be the responsibility of the Superintendent. *Specific assignments in schools are the responsibility of the building principal.* [Emphasis added.]

"*Assignments for personnel shall be such that work loads are equalized within practical limits * * *.*" (Emphasis added.)

"533.22 Extracurricular Activities

"*Teachers are expected to serve as advisors or sponsors of extracurricular activities. The principal shall assign the sponsorship and supervision responsibilities among the total staff on as equitable basis as feasible.*" (Emphasis added.)

On the basis of board policy, the board assigned appellants to various extracurricular duties, either as head class sponsor, class sponsor, assistant class sponsor, or as student council co-advisor; but none of the appellants was offered a supplemental contract for the performance of such duties, nor was any of the appellants offered any additional compensation for the performance of these duties. As a result, a grievance was filed by the association on September 17, 1980, in which it was alleged that the board was in violation of R.C. 3319.08 in failing to offer supplemental contracts or additional compensation for the performance of the additional duties.

Appellants were unable to obtain relief by way of the grievance procedure and, as a result, they commenced this action in the Court of Common Pleas of Clermont County. In their complaint, they alleged that they were required to

perform services outside teaching hours, away from school and without compensation. They also alleged that these additional duties have been assigned contrary to R.C. 3319.08 and 3319.11. They further contended that some teachers were selected for the extra duties and that others were not selected. For that reason, they asserted that the manner of selection was in violation of their equal protection and due process rights; and they demanded that they be compensated for the additional duties.

The case was submitted to the court on an agreed statement of facts which included the following:

"The appellants performed such duties as head class sponsor, class sponsor, assistant class sponsor, and student council co-advisor after school hours and off the school grounds without being offered a supplemental contract or without being offered additional compensation."

It was further agreed that the extra duty assignments were in accord with board policy, that the association is the bargaining agent for the teachers, and that "pursuant to the professional negotiations policy adopted by the Board of Education and the [association] on November 12, 1973, areas for discussion and negotiations are matters related to salaries and fringe benefits of a monetary nature." Also, the parties agreed that "each year since 1973, the [association] and the Board of Education have negotiated salaries and fringe benefits of a monetary nature" and that each year since 1976, the association and the board have entered into an agreement as a result of those negotiations. It was also stipulated that none of these agreements required that supplemental contracts be issued for the extracurricular activities duties which are the subject of the complaint.

The trial court, after reviewing the board policy, concluded that "[t]he determination of those extracurricular student activities for whose supervision the salary of a teacher will be supplemented is within the discretion of the board of education employing said teacher." On that basis, the trial court denied the appellants' claim for relief and this appeal is from that decision. Appellants' sole assignment of error is as follows:

"The trial court erred in granting judgment to defendant/appellee and in dismissing plaintiff/appellants' complaint."

The issue raised by appellants is whether additional duties can be assigned to a teacher through a board of education's rules and regulations without entering into a supplemental contract and compensating the teacher for the performance of those supplemental duties. Appellants contend that the decision of the board is in derogation of R.C. 3319.08, which, in pertinent part, reads as follows:

"The board of education of each city, exempted village, local, and joint vocational school district shall enter into written contracts for the employment and re-employment of all teachers. *The board of education of each city, exempted village, local, and joint vocational school district that authorizes compensation in addition to the base salary stated in the teachers' salary schedule for the performance of duties by a teacher which are in addition to the teacher's regular teaching duties, shall enter into a supplemental written contract with each teacher who is to perform additional duties. * * *"* (Emphasis added.)

Appellants contend that, on the basis of R.C. 3319.08, if a teacher is to perform additional duties, that teacher must be given a written contract and compensated for the performance of those duties. However, we see nothing in R.C. 3319.08 which requires the supplemental contract unless the board chooses to authorize compensation in addition to the base salary. In the case *sub judice*, the board chose not to do so.

Appellants contend further that R.C. 3313.53 supports their position in that

R.C. 3313.53 provides, in part, that the "* * * board may pay from the public school funds, as other school expenses are paid, the expenses of establishing and maintaining such departments and schools and of directing, supervising, and coaching the pupil-activity programs in music, language, arts, speech, government, athletics, and any others directly related to the curriculum." (Emphasis added.) Again, the language is permissive. There is nothing mandatory.

Appellants also rely on dicta in the opinion of the Court of Appeals for Montgomery County in the case of *State, ex rel. Montgomery,* v. *Dayton Bd. of Edn.* (Aug. 28, 1979), Montgomery App. Nos. 6248 and 6249, unreported. In that case, the court of appeals discussed extracurricular duties which were assigned to teachers and indicated that the subject of a supplemental contract is extra duties or overtime, which are added to regular duties. However, the merits of the *Montgomery* case involved the questions of whether a supplemental contract, as defined in R.C. 3319.08, is a limited contract, as defined in R.C. 3319.11, and whether such a contract is subject to the automatic renewal provisions contained in R.C. 3319.11. Thus, *Montgomery* can be distinguished from the case *sub judice.* As a result, it is neither persuasive nor controlling; and, we are unable to find any basis upon which appellants have established the right to compensation for the duties to which they were assigned, or to a supplemental contract for those duties. Therefore, in view of the policy of the board which clearly requires the teachers to perform duties other than in the classroom, without any reference to additional compensation, we find nothing to support appellants' claim.

Thus, in the absence of an agreement between the parties which specifically provides for supplemental contracts and for compensation for such duties, as have been assigned to appellants, there is no basis upon which their position can be supported. Therefore, appellants' sole assignment of error is overruled.

The assignment of error properly before this court having been ruled upon as heretofore set forth, it is the order of this court that the judgment or final order herein appealed from be, and the same hereby is, affirmed.

Costs to be taxed in compliance with App. R. 24.

And the court, being of the opinion that there were reasonable grounds for this appeal, allows no penalty.

*Judgment affirmed.*

HENDRICKSON, P.J., and KOEHLER, J., concur.

JONES, J., concurring. At first blush it seems somewhat incongruous that a math teacher, skilled in the profession, should be expected to supervise construction of a float for homecoming, after school hours, without compensation. Should the same math teacher also serve as an athletic coach, after school hours, it is quite customary to compensate the teacher via a supplemental contract. Such is true even though the float construction and the athletic contest are both extracurricular activities. I perceive that the obvious disparity in treatment is simply a mirror image of the views held not only by the various boards of education, but also by the public. Athletics and athletes apparently are more important than speech contests and orators as shown by the fact we pay rookie football players a million dollars a year to play professional football immediately after attending college and receiving a minimal education. Neverthless, I concur with the rationale of the majority decision with respect to the construction of the statutes and the bargaining agreement. The grievances expressed by appellants can only be resolved to their satisfaction by the board of education or the Ohio Legislature.